Filed 6/21/24  P. v. Sorto CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062631 |
| v. | (Super. Ct. No. 11WF1971) |
| TOMAS ANTONIO SORTO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Lance P. Jensen, Judge.  Affirmed.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Defendant Tomas Antonio Sorto appeals the denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  After his appellate attorney filed a no-issue brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, defendant filed a supplemental brief on his own behalf.  However, defendant has failed to show the trial court's denial order was improper in any respect.  We thus affirm the order.

PROCEDURAL BACKGROUND

In 2013, defendant was convicted of three counts of attempted premeditated murder and other crimes for shooting at a group of unarmed men who were standing outside a nightclub in Stanton.  (§§ 664/187, subd. (a).)  The jury also found defendant acted for the benefit of a criminal street gang and personally discharged a firearm.  (§§ 186.22, subd. (b), 12022.53, subd. (c).)  The trial court sentenced him to 108 years to life in prison, and on appeal we affirmed the judgment in all material respects.  (*People v. Sorto* (Dec. 4, 2014, G049199) [nonpub. opn.].)

On February 24, 2023, defendant filed a petition for resentencing under section 1172.6.  Following a response by the People and a hearing at which defendant was represented by appointed counsel, the trial court determined defendant was ineligible for resentencing because his jury was not instructed on any theory of imputed liability.  Therefore, it denied his petition for failing to make a prima facie case for relief.

On appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216.  Defendant then filed a supplemental brief, as was his right under that decision.  (*Id*. at p. 232.)  However, having reviewed defendant's arguments and the record below, we find no reason to disturb the trial court's ruling.

---

[1]  That section was formerly housed in Penal Code section 1170.95, but in 2022 it was renumbered without substantive change as Penal Code section 1172.6  (Stats. 2022, ch. 58, § 10.)  All further statutory references are to the Penal Code.

## DISCUSSION

Defendant's contentions are all aimed at his underlying trial. In particular, he claims the prosecution relied on improper evidence to prove the gang allegation, he was given an excessive sentence, and there is insufficient evidence to support the jury's finding he acted with the intent to kill. Defendant also broadly asserts that undefined misconduct rendered his trial fundamentally unfair.

However, section 1172.6 was designed to allow defendants to seek the benefit of statutory amendments that narrowed the scope of California's murder laws. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) The statute "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*Ibid.*) Therefore, defendant's claims are not cognizable in this appeal. (*Ibid.*)

Moreover, the trial court's ruling on defendant's petition was indisputably correct. A defendant may be eligible for resentencing for attempted murder if he was convicted on a theory of imputed liability. (§ 1172.6, subd. (a).) But defendant's jury was not instructed on any such theory. Rather, he was tried as the actual perpetrator of the charged offenses. By finding defendant guilty of attempted premeditated murder and personally discharging a firearm, the jury necessarily determined he was convicted based on his *own* actions and his *own* malice. Therefore, he is ineligible for resentencing as a matter of law. (*People v. Curiel* (2023) 15 Cal.5th 433, 470-471; *People v. Lewis* (2021) 11 Cal.5th 952, 971.)

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.


BEDSWORTH, ACTING P. J.


WE CONCUR:


GOETHALS, J.


DELANEY, J.